**FILED**
**Oct 10, 2022**
**10:54 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **LESLIE BENJAMIN,** | ) | **Docket No. 2021-02-0564** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CONAGRA FOODS PACKAGED** | ) | |
| **FOODS,** | ) | **State File No. 28099-2021** |
| **Employer,** | ) | |
| **and** | ) | |
| **INDEMNITY INSURANCE** | ) | |
| **COMPANY OF NORTH AMERICA,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

Ms. Benjamin requested medical and temporary disability benefits related to a burn injury. Conagra argued it provided appropriate medical treatment and Ms. Benjamin was not entitled to additional treatment for an alleged mental injury related to the burn. It admitted that it owed Ms. Benjamin two weeks of temporary total disability benefits but no more. For the reasons below, the Court holds Ms. Benjamin is entitled to part of the requested temporary disability benefits but no further medical benefits.

### Claim History

Ms. Benjamin suffered second-degree burns while rolling up a hose at work on March 24, 2021. She immediately went to a back room to remove her shirt, experiencing severe pain and noting blistering on her torso and chest. She reported the injury to her supervisor and went to the emergency room. After treatment, she was told to return in one to two days, follow up with a burn clinic, and see her primary care doctor that week.

1

Conagra did not send Ms. Benjamin to the burn clinic, but instead she returned to the emergency room every other day until April 6, when she was referred to specialized wound care and to her primary care physician.[1]

On April 6, Ms. Benjamin's primary care provider diagnosed anxiety and prescribed pain medication. Ms. Benjamin testified that because of the burns she was unable to leave her home during this time because she could not wear a brassiere. As a result, she believes she developed a phobia of public areas. She testified that she discussed her phobia with her primary care provider Nurse Melissa Lamb. She has sought counseling at her own expense.

As for her burns, the providers gave her creams that slowly healed her wounds. They released her back to work and treatment on June 17, though Ms. Benjamin claimed she was only released from treatment but not to work.

Concerning temporary disability benefits, Ms. Benjamin testified it took the efforts of her former attorney to get them started. She acknowledged she received some temporary disability benefits, but she feels she remains unable to work because of her mental status. She wanted Conagra to provide psychological or psychiatric treatment that she believes she needs and as discussed with her own provider.

For its part, Conagra admitted that it owed Ms. Benjamin two additional weeks of temporary total disability benefits but denied that Ms. Benjamin was entitled to treatment for her alleged mental injury.

**Findings of Fact and Conclusions of Law**

At this Expedited Hearing, Ms. Benjamin must prove she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021).

As to medical benefits, Ms. Benjamin requested either psychological or psychiatric treatment. Psychological or psychiatric services are limited to those ordered upon referral of a physician authorized under Tennessee Code Annotated Section 50-6-204(a)(3). Tenn. Code Ann. § 50-6-204(h). In short, an employee might receive this treatment if an authorized physician recommends it. Because Ms. Benjamin has not submitted a referral for psychological or psychiatric treatment from an authorized physician, the Court holds she is not likely to prevail at a hearing on the merits that she is entitled to treatment at this time.[2]

---

[1] Conagra did not provide a physician panel. Rather, Ms. Benjamin contacted Conagra, and reached an agreement that Conagra would authorize her primary care provider for treatment.

[2] The Court acknowledges that Ms. Benjamin suffered a severe injury. It also acknowledges her sincere and candid testimony and pleasant demeanor in court; however, she did not present medical evidence to support her request.

As to the temporary disability request, Conagra agreed to pay two additional weeks for the period of June 3-17, 2021. It did this because it paid her benefits until June 2, but she was not released until June 17. As for benefits beyond that date, Ms. Benjamin must show she was totally disabled from work. Tenn. Code Ann. § 50-6-207(1)(a). However, she has not presented any medical evidence of further work restriction, and the Court holds she likely would not succeed at a hearing on the merits regarding further benefits.

**IT IS ORDERED** as follows:

1.  The Court denies Ms. Benjamin's request for psychological or psychiatric treatment.

2.  Conagra shall pay Ms. Benjamin two additional weeks of temporary total disability benefits, but the Court denies Ms. Benjamin's request for any further temporary disability benefits.

3.  The Court sets a Status Hearing on Thursday, **November 17, 2022, at 2:00 p.m. Eastern Time**. The parties must call 855-543-5044 to participate. Failure to call may result in a determination of the issues without the party's participation.

4.  Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance by email to WCCompliance.Program@tn.gov by the compliance deadline. Failure to do so may result in a penalty assessment for non-compliance.

**ENTERED October 10, 2022.**

*Brian K. Addington*
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:[3]
1. Rule 72 Declaration of Ms. Benjamin
2. Photos
3. Medical bills (collective)
4. Affidavit of Travis Wedel
5. Newport Medical Center medical records
6. Rural Medical Services medical record (ID only)
7. Ballad Health Wound Care medical records
8. Affidavit of Toni Lane (ID only)
9. Affidavit of Veronica Benjamin (ID only)
10. First Report of Injury

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request
4. Employer's Position Statement
5. Employer's Exhibit List
6. Employer's Witness List
7. Notice of Filing Medical Record
8. Employee's Amended Witness and Exhibit List
9. Employer's Motion to Exclude

---

[3] Before the hearing, Conagra filed a motion to exclude Ms. Benjamin's amended witness and exhibit list on the basis that the amended lists were filed outside the deadline of Tennessee Compilation Rules and Regulations 0800-02-21-,16(2)(a). The witness issue resolved itself, as Ms. Benjamin only brought one witness, who did not testify. The Court took the exhibit issue under advisement and asked Ms. Benjamin the reason for her failure to timely file the documents. She stated that she did not know when she needed to file them. As to these documents, the Court holds Ms. Benjamin did not provide good cause for their late filing and excludes them from the record.

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on October 10, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Leslie Benjamin, Employee | X | | X | 445 Lennon Circle Newport, TN 37821 lesliebenjamin24@gmail.com |
| Leslie Bishop, Employer's Attorney | | | X | lbishop@lewisthomason.com swaltman@lewisthomason.com rlee@lewisthomason.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*